**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONALD W. POWELL, JR.,

    Plaintiff,

v.                                                    Case No. 6:16-cv-1630-Orl-37DCI

BROOKE FRAVEL; JEANNE FRAVEL;
MICHAEL JAKUBISIN; LAKE
HIGHLAND PREPARATORY SCHOOL,
INC.; LAKE HIGHLAND
PREPARATORY SCHOOL
FOUNDATION, INC.; and TIMOTHY P.
WALKER,

    Defendants.

---

**ORDER**

This cause is before on the following matters:

1. Defendant Timothy P. Walker's Amended Motion to Dismiss Counts XXI and XXII (As to Certificate of Service Only) (Doc. 3), filed September 19, 2016;

2. Defendants Fravel's [sic] Motion to Dismiss (Doc. 4), filed September 20, 2016;

3. Brooke Favel's Amended Motion to Dismiss Count IV (Doc. 8), filed September 23, 2016;

4. Plaintiff's Motion to Hold in Abeyance (Doc. 28), filed October 5, 2016;

5. Plaintiff's Motion to Remand Action to the Ninth Judicial Circuit Court of Orange County and Incorporated Memorandum of Law (Dispositive Motion) (Doc. 29), filed October 5, 2016;

6. Supplement to Plaintiff's Motion to Hold in Abeyance (As to Local Rule 3.01(g) Only) (Doc. 30), filed October 6, 2016;

7. Supplement to Plaintiff's Motion to Remand Action to the Ninth Judicial Circuit Court of Orange County and Incorporated Memorandum of Law (Dispositive Motion) (As to Local Rule 3.01(g) Only) (Doc. 31), filed October 6, 2016;

8. Defendants, Michael Jakubisin, Lake Highland Preparatory School, Inc. and Lake Highland Preparatory School Foundation's Response in Opposition to Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. 33), filed October 18, 2016; and

9. Defendants Brooke Fravel and Jeanne Fravel's Joinder in Prep School Defendants' Response to Plaintiff's Motion for Remand (Doc. 34), filed October 18, 2016.

## BACKGROUND[1]

On August 12, 2016, Donald W. Powell, Jr. ("**Plaintiff**") initiated this action in the Circuit Court of the Ninth Judicial Circuit Court, in and for Orange County, Florida ("**State Court**") against Defendants—Brooke Fravel ("**Student**"), Jean Fravel ("**Parent**"), Michael Jakubisin ("**Jakubisin**"), Lake Highland Preparatory School, Inc. ("**LHPS**"), Lake Highland Preparatory School Foundation, Inc. ("**LHPAF**"), and Timothy P. Walker ("**Officer Walker**")—alleging that he had been defamed, maliciously prosecuted, and denied his due process rights. (Doc. 2 ("**Complaint**").)

---

[1] These facts are taken from the Complaint, the allegations of which the Court must accept as true when considering a motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

Plaintiff alleges that on or about **August 29, 2014**, Student approached her guidance counselor at Lake Highland Preparatory School ("**School**") and falsely accused Plaintiff of repeated sexual assaults in 2013. (*Id.* ¶ 33.) Student and her Parent (collectively, the **"Fravels"**) also reported the accusations to the Belle Isle Police Department and members of the Orlando Police Department (**"OPD"**), including Officer Michael Peralta, Detective Lori Fiorino, and Officer Walker. (*Id.* ¶¶ 40–43, 47–53, 66–70, 74–79.)

In an attempt to obtain a confession from Plaintiff, Officer Walker conducted a controlled, recorded telephone call between Student and Plaintiff ("**Controlled Call**") on **September 3, 2014**. (*Id.* ¶¶ 160–162.) During the Controlled Call, Officer Walker directed Student to make certain statements or to ask questions regarding the alleged sexual relationship between herself and Plaintiff. (*Id.* ¶¶ 163–165.) But, Plaintiff repeatedly denied any history of sexual contact or inappropriate behavior with Plaintiff. (*Id.* ¶ 166.) Despite Plaintiff's repeated denials, on **September 30, 2014**, Officer Walker executed an affidavit in support of a warrant for Plaintiff's arrest (**"Affidavit"**). (*Id.* ¶¶ 167.)

In the Affidavit, Officer Walker made false statements to the effect that Plaintiff sexually assaulted Student on several occasions in 2013, and did not deny having a sexual relationship with Student during the Controlled Call. (*Id.* ¶ 168.) As a result, a warrant was issued for Plaintiff's arrest and he was taken into custody by officers of the OPD on **October 7, 2014**. (*Id.* ¶¶ 172, 173.) Thereafter, the State commenced a criminal prosecution of Plaintiff, presumably for "committing the crime of Lewd and Lascivious Battery in violation of Florida Statutes § 800.04(4)(a)." (*See id.* ¶¶ 21, 22; *see also State of Florida v. Donald W. Powell*, No. 2014-CF-013284-A-O ("**Criminal Case**")).

3

The day after Plaintiff's arrest, Jakubisin—who was the director of LHPSF—banned Plaintiff from the School's campus. (Doc. 2, ¶ 83.) Jakubisin also called parents of several other students and falsely accused Plaintiff of sexually assaulting Student, and warned that if they allowed their children to associate with Plaintiff or his daughter—also a student—they too would be sexually assaulted. (*Id.* ¶¶ 84 –89, 98–104, 113–121, 130–138.)

Plaintiff also alleges that during his Criminal Case, Officer Walker and Student provided false deposition testimony and documents in an attempt to have Plaintiff wrongfully convicted. (*Id.* ¶¶ 57–60, 180–187.) Plaintiff's own extensive investigation uncovered exculpatory evidence of his innocence and as a result, the State entered a nolle prosequi, dismissing all charges and terminating the Criminal Case in Plaintiff's favor on April 13, 2016. (*Id.* ¶ 175.)

Based on these facts, Plaintiff asserts twenty-two claims against Defendants, including two federal claims pursuant to 42 U.S.C. § 1983 against Officer Walker for "malicious prosecution" (**Count XXI**) and "denial of due process" (**Count XII**). (*Id.* ¶¶ 158–189.) The remainder of the claims are brought under state law, including: (1) four defamation claims and a malicious prosecution claim against Student (**Counts I, II, III, IV, & XIX**); (2) two defamation claims and a malicious prosecution claim against Parent (**Counts V, VI, & XX**); (3) four defamation claims against Jakubisin (**Counts VII, X, XIII & XVI**); (4) three defamation claims against LHPS (**Counts VIII, XI & XVII**); and (5) three defamation claims against LHPSF (**Counts IX, XII, XVIII**). (*See id.* ¶¶ 31–145.)

On **September 19, 2016**, Defendants removed the action to this Court based on federal jurisdiction. (Doc. 1.) Soon thereafter, Officer Walker moved to dismiss the only

two federal claims asserted in this action—Counts XXI and XXII. (*See* Doc. 3.) Student also moved to dismiss Count IV (*see* Doc. 4). Plaintiff did not respond to either motion. While these motion were pending, however, Plaintiff moved to remand this action to State Court (*See* Doc. 29 (**"Motion to Remand"**); *see also* Doc. 31.) Plaintiff also moved to hold this action in abeyance pending resolution of the Motion to Remand (*See* Docs. 28, 30.) All Defendants, except Officer Walker, responded in opposition to the Motion to Remand. (*See* Docs. 33, 34.) These matters are now ripe for adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

Officer Walker moves to dismiss Counts XXI and XXII, which involve federal questions and are the only basis for the Court's exercise of subject matter jurisdiction over this entire action.

**I.      Malicious Prosecution (Count XXI)**

In Count XXI, Plaintiff claims that the alleged false and misleading statements made in Officer Walker's Affidavit caused him "to be deprived of his Constitutional rights, including . . . those under the Fifth and Fourteenth Amendments . . . by initiating criminal proceedings against Plaintiff without probable cause and with actual malice to wrongfully arrest, charge, and convict him of a crime that he knew or had reason to know that Plaintiff did not commit." (*Id.* ¶ 177.)

Officer Walker argues that Plaintiff's claim should be dismissed because he erroneously attempts to state a claim for federal malicious prosecution pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 3, p. 3.) Officer Walker contends that any section 1983 malicious prosecution must be brought pursuant to the Fourth Amendment. (*Id.*) Officer Walker is correct.

The Due Process Clause of the Fifth Amendment applies only to actions of federal actors. *Carson v. City of Lakeland, Fla.*, No. 808-cv-2461-T-24 TGW, 2009 WL 88487, at *2 (M.D. Fla. Jan. 12, 2009) (citations omitted). Moreover, the United States Supreme Court concluded that the substantive due process component of the Fourteenth Amendment is not a vehicle for remedying a claim of malicious prosecution.[2] *Albright v. Oliver*, 510 U.S. 266, 275 (1994) (plurality opinion). Instead, malicious prosecution is a

---

[2] "Whether a malicious prosecution claim can be brought via the procedural component of the Due Process Clause is an open question" in the U.S. Court of Appeals for the Eleventh Circuit. *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1289 (11th Cir. 2001). However, Plaintiff does not allege any facts that would form the basis of a procedural due process claim. Moreover, the "general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983, when, as here, the state judicial system provides an adequate a remedy. *See Albright*, 510 U.S. at 270 n.4 (citing *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987); *see also Perez–Ruiz v. Crespo–Guillen*, 25 F.3d 40, 43 (1st Cir. 1994).

"violation of the Fourth Amendment and a viable constitutional tort cognizable under section 1983." *See Wood v. Kesler*, 323 F.3d 872, 881 n.4 (11th Cir. 2003) (citations omitted).

Accordingly, this claim is due to be dismissed. *See Alderman v. McDermott*, No. 6:03-CV-41ORL-22KRS, 2004 WL 1109541, at *5 n. 90 (M.D. Fla. Apr. 27, 2004) (finding that a plaintiff could not bring a section 1983 claim for malicious prosecution under the Fifth or Fourteenth Amendment); *see also Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1236 (M.D. Fla. 2008); *Heine v. Rice*, No. 8:00-CV-2297-T24-TBM, 2001 WL 1338780, at *4 (M.D. Fla. Apr. 9, 2001).

To the extent that Plaintiff intended to implicate the Fourth Amendment, he still fails to state a claim. To state a section 1983 claim for malicious prosecution plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)).

To satisfy the second element, the plaintiff must allege "a seizure related to the prosecution." *Bloom v. Alvereze*, 498 F. App'x 867, 875–76 (11th Cir. 2012). "[T]he plaintiff's arrest cannot serve as the required deprivation of liberty because it occurs prior to the arraignment." *Id.* (citation omitted). Further, "[n]ormal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure violative of the Fourth Amendment, 'barring some significant, ongoing deprivation of liberty, such as restriction on the defendant's right to travel interstate.'" *Id.* (citing *Kingsland*, 382 F.3d at 1236).

Here, the Complaint includes no allegations that Plaintiff was subjected to a

significant or ongoing deprivation of liberty. (See Doc. 1.) Absent such allegations, Plaintiff fails to state a section 1983 claim for malicious prosecution under the Fourth Amendment as well. *See id.* Accordingly, Count XXI is due to be dismissed.

### B.     Due Process Violation (Counts XXII)

In Count XXII, Plaintiff claims that Officer Walker altered or edited the audio recording of the Controlled Call prior to providing it to the State, and falsely testified that the recording was not altered during his deposition on April 14, 2015. (*Id.* ¶¶ 179–186.) As a result, Plaintiff claims that he was "deprived of his Constitutional right to Due Process of Law under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." (*Id.* ¶ 187.) In particular, Plaintiff alleges that Officer Walker violated his rights by intentionally and knowingly: (1) concealing exculpatory evidence from Plaintiff and the State; (2) giving false testimony during his deposition; and (3) making false statements in the Affidavit. (*Id.*).

Officer Walker argues that Plaintiff's claim should be dismissed for several reasons. (Doc. 3.) Officer Walker first notes that Plaintiff's claims are not within the purview of the Fifth or Sixth Amendment. (*Id.*). Second, Officer Walker argues that he is entitled to absolute immunity for the deposition testimony in the Criminal Case. (*Id.* at 4–5.) Finally, Officer Walker contends that Plaintiff fails to provide a short and plain statement showing that he is entitled to relief. (*Id.* at 5.) The Court agrees.

As noted above, Plaintiff is prohibited from bringing a claim under the Fifth Amendment because its provisions only apply to the conduct of federal actors, not state actors such as Officer Walker. Similarly, a section 1983 claim for the alleged violation of his due process rights pursuant to the Sixth Amendment will not lie. The Sixth Amendment

implicates an individual's right to a speedy and fair trial. *See* U.S. CONST. amend. XIV (guaranteeing a citizen a speedy trial, a fair jury, an attorney, and the chance to confront witnesses). Nowhere in the Complaint does Plaintiff allege that he was denied any right protected under the Sixth Amendment.

Further, Officer Walker is absolutely immune from a section 1983 claim for his alleged false deposition testimony. *See Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999) (recognizing that officers are absolutely immune from section 1983 civil damage actions for their allegedly false testimony during the defendant's criminal trial and during pre-trial depositions).

Finally, it is not entirely clear from his Complaint whether Plaintiff is asserting a procedural or substantive due process claim under the Fourteenth Amendment. Regardless, the Court sees no cognizable due process claim that would arise from the Officer Walker's alleged misconduct. Plaintiff's due process claim appears to be predicated on his alleged wrongful arrest and prosecution. As noted above, however, there is no substantive due process right to be free from prosecution without probable cause. *See Albright*, 10 U.S. at 268. Similarly, the Due Process Clause of the Fourteenth Amendment does not recognize an unlawful arrest as a constitutional injury for which damages are recoverable under section 1983. *See Rowe v. City of Fort Lauderdale*, 8 F.Supp.2d 1369, 1373–74 (citing *Albright*, 510 U.S. at 266); *Baker v. McCollan*, 443 U.S. 137 (1979).

In *Albright*, the Supreme Court made clear that the Fourth Amendment, with its specific guarantees, is the appropriate source of rights against pretrial deprivations of liberty. In particular, the Supreme Court stated:

> Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. We think this principle is likewise applicable here. The Framers considered the matter of pretrial deprivations of liberty, and drafted the Fourth Amendment to address it.

*Albright*, 10 U.S. at 273-74 (citation and internal quotation marks omitted). Accordingly, the Fourth Amendment, which proscribes unreasonable searches and seizures, is the proper "constitutional peg" on which Plaintiff should hang his allegations regarding his purported wrongful arrest and prosecution. *Id.* at 270 n.4. Therefore, to the extent that Plaintiff seeks to bring a claim against Officer Walker for violations of his substantive due process rights under the Fourteenth Amendment, his claim is subject to dismissal.

To the extent Plaintiff alleges a procedural due process claim, this claim also fails. To state a section 1983 claim for denial of procedural due process a plaintiff must allege: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Zisser v. Fla. Bar*, 747 F. Supp. 2d 1303, 1317 (M.D. Fla. 2010) (citations omitted). Assuming Plaintiff adequately alleges a deprivation of his liberty interests based the alleged unlawful arrest, he fails to identify a procedural protection that he was denied during his Criminal Case.[3] Therefore Plaintiff has failed to adequately state a claim against Officer Walker for violation of his procedural

---

[3] A law enforcement officer violates an individual's due process rights, as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), when the officer intentionally withholds exculpatory or impeachment evidence from a prosecutor. *See McMillian v. Johnson*, 88 F.3d 1554, 1568–69 (11th Cir. 1996). However, it is well established that, in order to state a claim, a wrongful conviction must have followed the alleged *Brady* violation. *Flores v. Satz*, 137 F.3d 1275, 1278–79 (11th Cir. 1998) (citations omitted). Since the State Attorney entered a nolle prosequi and Plaintiff was never tried or convicted, he cannot state a *Brady* due-process violation.

due process rights. *See id.* (explaining that "[f]ailure to establish any one of [procedural due process] elements is fatal to a plaintiff's . . . . claim). Accordingly, Count XXII is due to be dismissed.

Having failed to state a claim for relief under either of the two claims that independently anchor federal jurisdiction—Counts XXI and XXII—the Court no longer has subject matter jurisdiction over this action. Plaintiff will be afforded an opportunity to replead his federal claims. In the absence of a timely amendment the matter will be remanded to State Court for consideration of the state law claims not considered here in light of the dismissal of the federal claims. Should an amended complaint be filed pursuant to this order the Defendants may reassert any alleged deficiencies as to either the federal or state claims by timely motion.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant Timothy P. Walker's Amended Motion to Dismiss Counts XXI and XXII (As to Certificate of Service Only) (Doc. 3) is **GRANTED**.

2. Defendants Fravel's [sic] Motion to Dismiss (Doc. 4), Brooke Favel's Amended Motion to Dismiss Count IV (Doc. 8), Plaintiff's Motion to Hold in Abeyance (Doc. 28), Plaintiff's Motion to Remand Action to the Ninth Judicial Circuit Court of Orange County and Incorporated Memorandum of Law (Dispositive Motion) (Doc. 29), Supplement to Plaintiff's Motion to Hold in Abeyance (As to Local Rule 3.01(g) Only) (Doc. 30), and Supplement to Plaintiff's Motion to Remand Action to the Ninth Judicial Circuit Court of Orange County and Incorporated Memorandum of Law (Dispositive Motion)

        (As to Local Rule 3.01(g) Only) (Doc. 31) are all **DENIED AS MOOT**.

3. On or before December 1, 2016, Plaintiff may file an Amended Complaint in accordance with this Order.

4. In the absence of a timely Amended Complaint this action will be remanded to state court and closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record